FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD L.-N., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:19-CV-3199-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Richard L.-N. (Plaintiff); Special Assistant United States Attorney Leisa Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on November 7, 2016, alleging disability since September 1, 2008,[1] due to hallucinations/voices, anxiety/depression, PTSD, anger disorder, concentration issues, agoraphobia, antisocial personality disorder, borderline personality disorder, neck and back problems, and right shoulder problems. Tr. 270-71. The application was denied initially and upon reconsideration. Tr. 467-75, 483-89. Administrative Law Judge (ALJ) Glenn Meyers held a hearing on July 11, 2018, Tr. 58-112, and issued an unfavorable decision on October 17, 2018. Tr. 16-30. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request on July 1, 2019. Tr. 1-5. The ALJ's October 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 27, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1970 and was 46 years old as of the filing of his application. Tr. 29. He did not complete high school but later obtained his GED. Tr. 85, 2392, 2420. He has a limited work history, primarily composed of self-employed lawn work and various other short-term positions. Tr. 643, 691, 778. He has a long history of mental health impairments and was previously found to be disabled under Social Security's rules. Tr. 113-27. He is currently alleging disability based on mental impairments along with neck and shoulder pain and abdominal pain.

///

///

---

[1] Plaintiff later amended his alleged onset date to the date of the filing of his application. Tr. 35.

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 17, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: spinal impairment, right shoulder impairment, cirrhosis of the liver, esophageal varices, obesity, affective disorder, anxiety disorder (including post-traumatic stress disorder), personality disorder, and substance use disorder. Tr. 19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light exertional work, with the following specific limitations:

> he can occasionally reach overhead. He can frequently reach at or below shoulder level. He cannot crawl, kneel, or climb. He can occasionally stoop and crouch. He is capable of engaging in unskilled, routine, and repetitive tasks in two-hour increments. He is capable of working in proximity to coworkers but not in coordination with them. He can have occasional contact with supervisors and no contact with

the general public. He will be off-task up to ten percent of his work shifts.

Tr. 21.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 29.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of electrical accessory assembler, production assembler, and packager. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the day of the decision. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom complaints; (2) improperly evaluating the medical opinion evidence; and (3) improperly rejecting a lay witness statement.

## DISCUSSION

**1.     Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 14 at 9-13.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. Specifically, the ALJ found Plaintiff's longstanding

psychological issues had not prevented gainful work activity when he was being treated; his mental conditions were adequately controlled with medication; the record reflected generally normal psychological findings; his activities were inconsistent with his allegations; and the records indicated a lack of reliability of his self-reporting, including inconsistent statements about symptoms, some evidence of embellishment or possible malingering, misreporting and noncompliance regarding the use of his medications, misreporting of his substance abuse history, and unreliable testimony regarding his work. Tr. 22-26.

Plaintiff argues the ALJ's interpretation of the facts is not supported by substantial evidence, and that he improperly relied on largely outdated evidence and disregarded evidence and objective findings that suggest an alternative outcome. ECF No. 14 at 9-13. Defendant argues the ALJ's rationale is supported by substantial evidence and Plaintiff is merely offering a different view of the evidence. ECF No. 15 at 3-14.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's allegations.

*a. Standard*

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Defendant objects to the clear and convincing standard, arguing it is inconsistent with the deferential substantial evidence standard, as well as agency regulations and rulings. ECF No. 15 at 4 n.1. The clear and convincing standard remains binding law in the Ninth Circuit, and the government's invitations to apply

a lesser standard have been routinely rejected by the circuit court. *See e.g.,* *Garrison v. Colvin*, 759 F.3d 995, 1015 n.18.

In his Reply Brief, Plaintiff asserts Defendant's position objecting to the clear and convincing standard necessitates remand on its face, as it indicates Agency policy contradicts controlling case law, thus showing the ALJ applied the wrong legal standard in adjudicating Plaintiff's claim. ECF No. 16 at 2-5. The Court finds this argument to be without merit.

First, Plaintiff incorrectly interprets Defendant's position. Plaintiff states the Commissioner suggested "that the ALJ used a deferential substantial evidence standard in assessing the weight given to [Plaintiff's] testimony." ECF No. 16 at 3. Defendant raised the Commissioner's standing objection to the clear and convincing standard, but asserted "Regardless, this case readily passes the test." ECF No. 15 at 4 n.1. Therefore, Defendant did not suggest that the ALJ in this case applied a lesser standard than required by law.

Second, Plaintiff argues that an ALJ must be assumed to have followed agency policy, including agency policy that is contrary to controlling case law, thus rendering the decision invalid as it is based on an error of law. ECF No. 16 at 4. This argument is contrary to harmless error precedent. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination"). Even if the Court presumes the ALJ did not intend to offer clear and convincing reasons for discounting Plaintiff's allegations, if he nonetheless did provide clear and convincing reasons, then he still complied with controlling case law. Furthermore, Plaintiff's position would lead to the inappropriate result of every ALJ decision in this circuit being remanded until such time as the agency issued an Acquiescence Ruling adopting the clear and convincing standard, as every decision would be based on an error of law in agency policy.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

*b. Inconsistencies*

The ALJ found a number of Plaintiff's reports to be unreliable, including instances of inconsistent statements regarding his symptoms and how long they had affected him, evidence of embellishment of symptoms or suspected malingering, lying to his providers about medication compliance, inconsistent reports about his substance use, and his testimony regarding his work appearing inconsistent with the records. An ALJ may consider inconsistent statements by a claimant in assessing his credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). While Plaintiff offers alternative interpretations for some of these incidents, the ALJ reasonably considered the record and various pieces of contradictory evidence that call into question the reliability of Plaintiff's symptom statements in general.

*c. Mental health symptoms controlled*

The ALJ found the treatment records indicated Plaintiff's mental health conditions were under adequate control with medications and the records indicated generally normal psychological findings after the alleged onset date. Tr. 23. An ALJ may consider the treatment received and effectiveness of that treatment in evaluating a claimant's allegations. Social Security Ruling 16-3p. The ALJ may also consider the objective findings in the record and their consistency with the claimant's reports, though this cannot be the only reasons the ALJ gives. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to numerous treatment records reflecting Plaintiff's reports of improvement on his medications and largely normal mental status exams. Tr. 23-24. Plaintiff argues the notations of improvement or normal findings do not mean that Plaintiff was no longer seriously impaired, as he continued to report anxiety, paranoia, and hallucinations. ECF No. 14 at 12. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012). The ALJ's interpretation of the record is supported by substantial evidence.

### d. Activities

A claimant's activities may support an adverse credibility finding if the activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted Plaintiff worked and attended group therapy classes, did yard work, and was involved with his grandchildren. Tr. 25. The ALJ found these activities to be inconsistent with Plaintiff's testimony of "severely impaired concentration, intolerance of social interaction, frequently inappropriate behavior, or disabling pain symptoms." *Id.* It is not clear that these activities demonstrate any actual conflict with Plaintiff's allegations, particularly given the conflicting evidence regarding his work activity. Tr. 68-73, 85-88. Occasional yardwork and spending time with his grandchild do not indicate any clear contradiction with his allegations. However, because the ALJ offered other clear and convincing reasons for discounting Plaintiff's testimony, any error was harmless. *Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid).

### 2.  Medical opinion evidence

Plaintiff argues the ALJ improperly weighed the opinion evidence, giving undue weight to the opinions from Dr. Crank and Dr. Cline. ECF No. 14 at 14-17.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747,

751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

    a.  Dr. Crank, treating doctor

Plaintiff argues the ALJ improperly rejected the opinion from Plaintiff's treating provider, Dr. Crank. ECF No. 14 at 14-16.

Dr. Crank completed a disability certification form for the state Department of Social and Health Services in September 2016. Tr. 2386-90. He noted Plaintiff's complaints included shoulder pain, chronic abdominal pain, and neck pain, and found him markedly impaired by each of these conditions. Tr. 2386-87. He opined Plaintiff was limited to sedentary work. Tr. 2388.

The ALJ gave the opinion minimal weight, noting Dr. Crank's only stated basis for the assessed limitations was a cursory reference to range of motion testing, and that he offered no explanation for how the findings justified the limitations. Tr. 27. The ALJ further noted Dr. Crank offered no definitive diagnoses other than Plaintiff's pain complaints, which the ALJ found unreliable. *Id.*

Plaintiff argues the ALJ mis-identified Dr. Crank as an examining source instead of a treating source, thus compelling remand due to incorrect assessment of the nature of the treatment relationship. ECF No. 14 at 14-15. Plaintiff further argues that the ALJ failed to consider the treatment records from the day the form was completed, which provided a further basis for the limitations assessed other than just the range of motion testing. *Id.* at 15. Finally, Plaintiff argues the opinion was not based only on Plaintiff's subjective reports, but rather also on Dr. Crank's observations, diagnoses, and treatment plans. *Id.* at 16. Defendant argues any mistake in the identification of Dr. Crank as an examining source was harmless because the ALJ did not disregard the opinion on this basis, and in the same paragraph the ALJ noted Dr. Crank's treatment records. ECF No. 15 at 15-16.

Defendant further argues that the ALJ reasonably interpreted the record as lacking sufficient explanation and diagnoses to support the opinion, indicating the doctor must have relied on Plaintiff's subjective complaints, which are not reliable. *Id.* at 16-18.

The Court finds the ALJ did not err. An ALJ must consider the supportability of a medical source opinion: "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion." 20 C.F.R. § 416.927. The ALJ reasonably concluded that Dr. Crank's opinion was lacking in explanation of the basis for the limitations. The form lists Plaintiff's pain complaints but does not contain any specific diagnoses or explanation for how the observed symptoms justify the limitation to sedentary work. Tr. 2386-87. The form and the accompanying treatment records indicated that further testing and evaluation were necessary, including imaging and a possible referral to a neurologist. Tr. 2388, 2449. The ALJ therefore reasonably concluded that Dr. Crank's opinion was lacking in sufficient explanation and objective support.

The Court further finds the ALJ's error in referring to Dr. Crank as an examining source was harmless. As Defendant noted, the ALJ did not state he was disregarding Dr. Crank's opinion on this basis, and later in the paragraph referred to the treatment notes from the same day. Tr. 27. Furthermore, the Court notes that the form was completed at Plaintiff's first visit with Dr. Crank. Tr. 2449. Therefore, Plaintiff's string cite to Dr. Crank's extensive treatment relationship is irrelevant to the evaluation of the opinion, as all of the treatment occurred after the form was completed.

///

///

*b. Dr. Cline, examining doctor*

Plaintiff asserts the ALJ improperly rejected the opinion from consultative examiner Dr. Cline. ECF No. 14 at 16-17.

Dr. Cline examined Plaintiff in September 2016. Tr. 2391-96. Dr. Cline diagnosed Plaintiff with borderline personality disorder, antisocial personality disorder, PTSD, persistent depressive disorder, and unspecified anxiety related disorder with features of generalized anxiety disorder and panic disorder. Tr. 2393. She opined he had moderate limitations in most areas of work-related functioning, but was markedly limited in communicating and performing effectively, maintaining appropriate behavior, and completing a normal workweek without interruptions from psychiatric symptoms. Tr. 2394. She indicated she believed these limitations would last for 9-12 months with appropriate treatment, including counseling and medication. Tr. 2395.

The ALJ gave this opinion minimal weight, and found it to be inconsistent with Plaintiff's activities, longitudinal exam findings, and treatment records. Tr. 27-28. The ALJ noted Plaintiff's activities of teaching a horticulture class and attending various group therapy classes, conflicts between Plaintiff's reports to Dr. Cline and recent treatment records, and evidence that Plaintiff's impairments improved in the months following Dr. Cline's opinion, including largely normal mental status exam findings and a decrease in his reports of hallucinations. *Id.* The ALJ also noted Dr. Cline limited the duration of her opinion to 9-12 months. *Id.*

Plaintiff argues the activities identified by the ALJ did not equate to full time work, and were not inconsistent with Dr. Cline's opinion, as she was commenting on Plaintiff's ability to perform various work-related functions on a sustained ongoing basis. ECF No. 14 at 16. Plaintiff further argues that, as with the analysis of Plaintiff's subjective complaints, the ALJ's discussion of the record as a whole ignored evidence that Plaintiff continued to endorse anxiety, paranoia, and hallucinations. *Id.* at 16-17. Defendant argues that the ALJ reasonably interpreted

1 the records as reflecting improvement in Plaintiff's mental conditions following
2 Dr. Cline's assessment and that Plaintiff's reports to Dr. Cline were contradictory
3 to his reports to his treating providers in the months immediately preceding the
4 evaluation. ECF No. 15 at 19-20.

5     The Court finds the ALJ offered specific and legitimate reasons for
6 discounting Dr. Cline's opinion. A conflict between treatment notes and a treating
7 provider's opinions may constitute an adequate reason to discredit the opinions of
8 a treating physician or another treating provider. *See Molina,* 674 F.3d at 1111-
9 12; *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692-93 (9th
10 Cir.2009) (holding that a conflict with treatment notes is a specific and legitimate
11 reason to reject treating physician's opinion). The ALJ reasonably interpreted the
12 subsequent records as showing improvement and less extreme objective findings in
13 the months following Dr. Cline's opinion.

14     As with the assessment of Plaintiff's subjective claims, any error in the
15 ALJ's interpretation of Plaintiff's activities was harmless as he offered other
16 specific and legitimate rationale for his holding.

17 **3.**    **Third party**

18     Plaintiff argues the ALJ improperly discounted the opinion of Lorri Burns,
19 an SSI facilitator. ECF No. 14 at 17-18.

20     In November 2016, Ms. Burns helped Plaintiff complete his application for
21 SSI. She observed that he had some difficulty understanding and answering
22 questions and difficulty concentrating. Tr. 755. She noted he appeared to be in pain
23 and shifted a lot during the interview. *Id.* She observed he had a flat affect and was
24 polite but seemed cautious and nervous and unsure of himself. Tr. 756.

25     The ALJ gave minimal weight to this statement, noting it to be vague and
26 inconsistent with the record. Tr. 26. The ALJ further noted Plaintiff was not taking
27 his psychiatric medications at the time and that his pain complaints were not
28 reliable. *Id.*

An ALJ must give "germane" reasons to discount evidence from a third party "other source." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The Court finds the ALJ offered germane reasons for discounting this statement. The statement is vague and does not offer any opinion regarding Plaintiff's functional abilities, but rather observations of his presentation on a single day. An ALJ need not provide any reasons to reject evidence that is not significant and probative. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 19, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE